**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No.  15 B 35685 |
| **MOUNSEF INTERNATIONAL, INC.,** | ) | Honorable Jacqueline P. Cox |
| | ) | Motion Date:   January 24, 2017 |
| Debtor. | ) | Motion Time:  9:30 a.m. |

### NOTICE OF MOTION

TO:    See Attached Service List

PLEASE TAKE NOTICE THAT on January 24, 2017, at the hour of 9:30 a.m., the **FINAL APPLICATION FOR COMPENSATION OF COUNSEL FOR THE DEBTOR** shall be heard by the Honorable Jacqueline P. Cox of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 680 at 219 South Dearborn, Chicago, Illinois.  A copy of same is attached hereto and thereby served upon you.  You may appear if you so see fit.

GOLAN CHRISTIE TAGLIA LLP

### AFFIDAVIT OF SERVICE

I, Robert R. Benjamin, an attorney, certify that the above captioned Notice of Motion and Final Interim Application for Compensation of Counsel for the Debtor were served upon the persons named in the attached service list via CM/ECF filing and/or first class mail with postage prepaid from 70 W. Madison, Chicago, Illinois 60602 on December 29, 2016.

/s/*Robert R. Benjamin*
Robert R. Benjamin

Robert R. Benjamin (ARDC # 0170429)
Beverly A. Berneman (ARDC # 06189418)
Anthony J. D'Agostino (ARDC # 6299589)
Matthew P. Bachochin (ARDC # 6292153)
GOLAN CHRISTIE TAGLIA LLP
Attorneys for Debtor
70 West Madison, Suite 1500
Chicago, IL 60602
(312)263-2300

**SERVICE LIST**

| | |
|---|---|
| Patrick S. Layng<br>United States Trustee<br>219 S. Dearborn, #873<br>Chicago, IL 60604<br>Via CM/ECF | Internal Revenue Service<br>Mail Stop 5010 CHI<br>230 S. Dearborn St.<br>Chicago, IL 60604<br>Via First Class Mail |
| James D. Newbold<br>Asst. Atty. General Revenue Litigation Bureau<br>Illinois Attorney General<br>100 W. Randolph St., 13th Floor<br>Chicago, IL 60601<br>Via First Class Mail | Associate Area Counsel, SB/SE<br>200 West Adams Street<br>Suite 2300<br>Chicago, IL 60606<br>Via First Class Mail |
| First Midwest Bank<br>c/o Miriam R. Stein<br>Eileen M. Sethna<br>Chuhak & Tecson, P.C.<br>30 S. Wacker Dr., Ste. 2600<br>Chicago, IL 60606<br>Via CM/ECF | Bechara Srour<br>c/o Gregory K. Stern<br>Dennis E. Quaid<br>Gregory K. Stern, P.C.<br>53 W. Jackson Blvd., Ste. 1442<br>Chicago, IL 60604<br>Via CM/ECF<br>Via First Class Mail |
| 8111 St. Louis LLC<br>c/o Howard L. Adelman<br>Alexander F. Brougham<br>Adelman & Gettleman Ltd.<br>53 W. Jackson Blvd., Ste. 1050<br>Chicago, IL 60604<br>Via CM/ECF | Aloris Mercantile Corporation<br>292 Sheppard Avenue West<br>Toronto Ontario M2N 1N5<br>Via First Class Mail |
| Alcohol and Tobacco Tax and Trade<br>316 North Robert Street, Suite 322<br>Saint Paul, MN 55101<br>Via First Class Mail | Anthony Pinelli<br>53 W. Jackson Blvd. Ste., 1460<br>Chicago, IL 60604<br>Via First Class Mail |
| Atour Foods Inc.<br>6348 N. Claremont<br>Chicago, IL 60659<br>Via First Class Mail | Banco Popular North America<br>9600 W. Bryn Mawr Ave.<br>Des Plaines, IL 60018<br>Via First Class Mail |

Bechara Srour
c/o Louis A. Weinstock
223 W. Jackson Blvd., Ste. 512
Chicago, IL 60606
Via First Class Mail

Bechara Srour
c/o Firedough Mediterranean Grill
10639 E. Briarwood Ave.
Centennial, CO 80112
Via First Class Mail

Cedar Garden Food Imp. & Exp. Inc.
P.O. Box 87175
Canton, MI 48187
Via First Class Mail

Cedar Garden Food Imp. & Exp. Inc.
36175 Herman St.
Romulus, MI 48174
Via First Class Mail

Chiappetti Meat Co.
3810 S. Halsted
Chicago, IL 60609
Via First Class Mail

Central Baking Supplies, Inc.
Daniel M. Breen
111 W. Washington St.
Chicago, IL 60602
Via First Class Mail

Elie Mounsef
801 Pinto Lane
Northbrook, IL 60062
Via First Class Mail

Chicago Title Land Trust Company a/t/u
Trust Dated 12/17/97 Known as
Trust #1105141
Beneficiaries George and Therese Mounsef
171 North Clark Street, Suite 575
Chicago, IL 60601
Via First Class Mail

First Builders Group, Inc.
7532 Lake Street
Morton Grove, IL 60053
Via First Class Mail

Fifth Third Bank
c/o Damon G. Newman
Noonan & Lieberman, Ltd.
105 W. Adams St., Ste. 1800
Chicago, IL 60603
Via CM/ECF

Habash Trading Inc.
6135 S. Nottingham Ave.
Chicago, IL 60638
Via First Class Mail

First Builders Group, Inc.
c/o Jan S. Weinstein & Associates
9933 Lawler Ave.
Skokie, IL 60077
Via First Class Mail

Julio Martinez
4538 N. Karlov Ave.
Chicago, IL 60625
Via First Class Mail

George Mounsef
801 Pinto Lane
Northbrook, IL 60062
Via First Class Mail

Mounsef International, Inc.  
Attn: George Mounsef  
4738 North Kedzie Ave.  
Chicago, IL 60625  
Via First Class Mail  

Nazareth Sweets  
4806 N. Kedzie Ave.  
Chicago, IL 60625  
Via First Class Mail  

Rain Food and Beyond, Inc.  
10700 Seymour Ave.  
Franklin Park, IL 60131  
Via First Class Mail  

Therese Mounsef  
801 Pinto Lane  
Northbrook, IL 60062  
Via First Class Mail  

Ziyad Brothers Importing Corp.  
5400 W. 35th St.  
Cicero, IL 60804  
Via First Class Mail  

U.B.C. Food Distributors, Inc.  
12812 Prospect Street  
Dearborn, MI 48126  
Via First Class Mail  

Mansoor & Shirin Halani  
c/o Robert J. Adams  
Tina Adams  
Robert J. Adams & Associates  
901 W. Jackson, Ste. 202  
Chicago, IL 60607  
Via CM/ECF  

Illinois Department of Revenue  
P.O. Box 19015  
Springfield, IL 62794  
Via First Class Mail  

Mounsef Business Investments, LLC  
801 Pinto Lane  
Northbrook, IL 60062  
Via First Class Mail  

Rain Food and Beyond, Inc.  
405 Lively Blvd.  
Elk Grove Village, IL 60007  
Via First Class Mail  

National Revenue Center  
550 Main Street, Suite 8002  
Cincinnati, OH 45202  
Via First Class Mail  

Ontario Wealth Management Corp.  
2950 Keele Street, Suite 201  
Toronto, ON M3M2H2  
Via First Class Mail  

Raymond Mounsef  
5436 N. Kimball Ave.  
Chicago, IL 60625  
Via First Class Mail

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No.  15 B 35685 |
| MOUNSEF INTERNATIONAL, INC., | ) | Honorable Jacqueline P. Cox |
| | ) | Motion Date:  January 24, 2017 |
| Debtor. | ) | Motion Time: 9:30 a.m. |

FINAL APPLICATION FOR COMPENSATION
OF COUNSEL FOR THE DEBTOR

The law firm of GOLAN CHRISTIE TAGLIA LLP ("GCT"), counsel for the Reorganized Debtor, MOUNSEF INTERNATIONAL, INC. ("Debtor"), applies to this Court for an order approving the payment of final fees in the amount $9,584.50 for services rendered from October 24, 2016 to December 22, 2016 and the costs of preparing this fee petition in the amount of $505.00 for a total of $10,089.50 and in support thereof states as follows:

### I. JURISDICTION

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §157 and §1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

### II. GENERAL BACKGROUND

On October 20, 2015 (the "Petition Date"), Debtor filed a voluntary petition relief under Chapter 11 of the United States Bankruptcy Code.

On November 12, 2015 this Court entered an order allowing the retention of Robert R. Benjamin, Beverly A. Berneman, Anthony J. D'Agostino and Matthew P. Bachochin as counsel for the Debtor.

On January 7, 2016, this Court entered an Order granting interim compensation for counsel for Debtor of $30,118.00 and cost reimbursements of $2,198.19 (Docket No. 87).

On April 6, 2016, this Court allowed Debtor's counsel second interim fees of $70,568.50 and cost reimbursement of $352.21 (Docket No. 153).

On July 12, 2016, this Court allowed Debtor's counsel third interim fees of $12,081.50 and cost reimbursement of $116.20 (Docket No. 218).

On November 17, 2016, this Court allowed Debtor's counsel fourth interim fees of $8,855.50 and cost reimbursement of $34.00 (Docket No. 262).

### III. CASE STATUS

Debtor is in the business of baking and selling ethnic bread and other food products.

Debtor sought protection under Chapter 11 to attempt to reorganize its debts. Debtor filed its Plan and Disclosure Statement on February 19, 2016 and then filed its Amended Plan and Disclosure Statement dated October 18, 2016.

### IV. DESCRIPTION OF THE APPLICATION FOR COMPENSATION

A.  General Information.  Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees.  The primary objective of this fee application is to reveal sufficient information to enable the court to determine whether the services rendered in representing the Debtor were reasonable, actual and necessary.  GCT has provided accurate and detailed records of the services which were made contemporaneously with the services performed. *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

The statement of services includes a summary, by category, of the work done and time expended in each category. Much care has been taken to properly categorize the activities to the degree possible. Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983); In *re Temple Retirement Community, Inc*., 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

B.   Billing Entries.  GCT uses computerized time and billing software in the preparation of a fee petition. This interim fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity. It contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service. Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed. *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

C.   Hourly Charges. GCT charges all clients, including for non-bankruptcy matters, $505.00 per hour for senior partner services; $480.00 per hour for partner time in court; $460.00 per hour for partner time in office; $275.00 to $335.00 per hour for associate time; $150.00 per hour for travel time and $120.00 per hour for paralegal time.

### V. BANKRUPTCY LOCAL RULE 5081-1 COMPLIANCE

Bankruptcy Local Rule 5081-1 governs applications for compensation and reimbursements for professional services in cases under Chapter 11. Counsel provides the following discussion in compliance with Bankruptcy Local Rule 5081-1.

### A. COVER SHEET
### [LOCAL RULE 5082-1(A)]

Counsel filed a cover sheet required by Local Rule 5082-1(A) simultaneously with the filling of this application for compensation.

### B. NARRATIVE SUMMARY
### SUMMARY LIST OF ALL PRINCIPAL ACTIVITIES AND SUMMARY OF TOTAL COMPENSATION REQUESTED IN CONNECTION WITH EACH ACTIVITY
### [Local Rule 5082-1(B)(1)(a)]

The summary of all activities is as follows:

| Activity Code | Description of Activity | Invoice Hours | Totals |
|---|---|---:|---:|
| ADM | Administration | 1.50 | 757.50 |
| ADVS | Adversary Complaints | 2.60 | 1,232.00 |
| CLM | Claims | 9.40 | 4,324.00 |
| PLAN | Plan and Disclosure Statement | 7.10 | 3,271.00 |
| **TOTAL** | | **20.60** | **9,584.50** |

### C. NARRATIVE SUMMARY
### SUMMARY OF ALL PRINCIPAL ACTIVITIES INCLUDING DETAILS AND DESCRIPTION OF EACH TASK AND ACTIVITY AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION, HOURLY RATE FOR EACH PROFESSIONAL WITHIN EACH ACTIVITY AND NAME AND POSITION OF EACH PROFESSIONAL
### [Local Rules 5082-1(B)(1)(b) and (d)]

From October 24, 2016 to December 22, 2016, Debtor has incurred $9,584.50[1] in fees at GCT's customary hourly fee rates, as is more fully set forth in **Exhibit A**.

The billing rates for each attorney and paraprofessional are identified in Exhibit A and in section V.E. below.

---

1  Exclusive of fees incurred in preparation of this fee petition in amount of $505.00.

4

The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

**1.    ADMINISTRATION**

The activities in the general administration category are those activities which are a necessary part of the representation of the Debtor, such as communications with the Debtor regarding the Debtor's operations, amending schedules, reviewing court proceedings, reviewing monthly operating reports and other court filings, responding to inquiries from creditors, communicating with the United States Trustee's office regarding issues related to the case and monitoring the Debtor's operations. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in the Debtor operating smoothly during the reorganization process and assuring its compliance with the administrative requirements of a Chapter 11 debtor. The remainder of the services was of non-economic benefit to the Debtor by promoting the bankruptcy process and the smooth administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Sr. Partner | 1.50 | 505.00 | $7,575.50 |

2. *ADVERSARY COMPLAINTS*

The adversary complaint and allowed filing of a counterclaim relating to Bechara Srour has been settled with the Court entering a Rule 9019 Order. The Debtor and its counsel met with counsel to dispose of the adversary complaint.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Sr. Partner | .80 | 505.00 | 404.00 |
| Beverly A. Berneman (BAB) | Partner | 1.80 | 460.00 | 828.00 |
|  |  | 2.60 |  | $1,232.00 |

3. *CLAIMS*

Counsel reviewed in detail claims filed by the creditor and a Notice of lien filed by former counsel of a large claimant. After reviewing the claim and researching the issue of attorney's lien, Debtor drafted and filed a Motion to adjudicate the attorney lien claim. The services benefited the estate on an economic and non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Beverly A. Berneman (BAB) | Partner | 9.40 | 460.00 | $4,324.00 |

6

*4.*   **P**LAN

GCT attorneys prepared a Plan, Disclosure Statement and pro forma that provided for a fair and sound restructuring of the Debtor's business. The Plan and Disclosure Statement were amended to fit the Debtor's ability to pay. The Amended Plan and Amended Disclosure Statement were approved. The benefits of these services to the Debtor and its estate were both economic and non-economic. The services had an economic benefit in structuring a distribution scheme so that the Debtor could continue to operate and remain current with its ongoing obligations and pay its pre-petition creditors. The services had a non-economic benefit by promoting the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
| --- | --- | --- | --- | --- |
| Robert R. Benjamin (RRB) | Sr. Partner | 1.50 | 505.00 | 757.50 |
| Beverly A. Berneman (BAB) | Partner | 5.10 | 460.00 | 2,346.00 |
| Anthony J. D'Agostino (ADJ) | Associate | .50 | 335.00 | 167.50 |
| | | 7.10 | | $3,271.00 |

**D.** **N**ARRATIVE **S**UMMARY
**S**TATEMENT OF **T**IME AND **T**OTAL COMPENSATION **S**OUGHT IN THE
**A**PPLICATION FOR **P**REPARATION OF **C**URRENT OR
**P**RIOR **A**PPLICATION FOR **C**OMPENSATION
*[Local Rules 5082-1(B)(1)(c)]*

GCT requests reimbursement for the preparation of this Final Fee Petition. GCT has constructed this detailed analysis of the fee petition as an aid to the Court and the creditors in determining the reasonableness of the fees requested. Counsel reviewed the fee entries and conducted a "business judgment" audit to insure that the fees requested were reasonable and necessary to the administration of the estate.

An itemized breakdown of the time expended in preparing this Final Fee is attached hereto as **Exhibit B**. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Sr. Partner | 1.00 | 505.00 | $505.00 |

### E. NARRATIVE SUMMARY
### HOURLY RATE FOR EACH PROFESSIONAL FOR WHOM COMPENSATION IS REQUESTED AND TOTAL NUMBER OF HOURS EXPENDED BY EACH PERSON AND TOTAL COMPENSATION SOUGHT FOR EACH
*[Local Rules 5082-1(B)(1)(d)]*

The summary of each professional and the compensation appears in the Detailed Statements of Services which were attached as Exhibits A and B to the final fee petition. The summary is as follows:

| Name (Initials) | Position | Hours | Rates | Total |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Sr. Partner | 3.80 | 505.00 | 1,919.00 |
| Beverly A. Berneman (BAB) | Partner | 16.30 | 460.00 | 7,498.00 |
| Anthony J. D'Agostino (ADJ) | Associate | .50 | 335.00 | 167.50 |
| **TOTAL** | | **20.60** | | **$9,584.50** |

### F. NARRATIVE SUMMARY
### STATEMENT OF COMPENSATION PREVIOUSLY SOUGHT AND ALLOWED AND PAYMENTS RECEIVED BY COUNSEL TO DATE
*[Local Rules 5082-1(B)(1)(f)]*

This is applicant's fifth and final fee petition. GCT had previously sought interim compensation which was awarded, on January 7, 2016 (Docket No. 87), April 6, 2016 (Docket No. 153), July 12, 2016 (Docket No. 218), and November 17, 2016 (Docket No. 262). On October 29, 2015, this Court entered an order permitting professionals to seek interim compensations every sixty (60) days after the order for relief was entered (Docket No. 33).

Pursuant to this Court's previous order, the retainer was applied against the fees and costs awarded in the First Interim Fee Order. GCT has also received a total of $68,859.00 in payments, $64,859.00 of said payments from the Debtor and $4,000 of said payments from Elie Mounsef, the son of the principal of the Debtor and one of the purchasers of the reorganized Debtor. GCT has applied the funds received from the Debtor and Elie Mounsef against the First and Second Interim fee and cost awards, leaving a balance of $46,575.60 due against the First, Second, Third and Fourth Interim Fee Petitions. GCT has received no other funds post-petition from the Debtor or any other source.

### G. NARRATIVE SUMMARY
### TOTAL AMOUNT OF EXPENSES FOR WHICH REIMBURSEMENT IS SOUGHT
*[Local Rules 5082-1(B)(1)(g)]*

GCT seeks reimbursement for out of pocket expenses in the amount of $0.

### H. NARRATIVE SUMMARY
### STATEMENT AS TO WHETHER THE REQUESTED FEES AND EXPENSES ARE SOUGHT TO BE ALLOWED OR BOTH ALLOWED AND PAID
*[Local Rules 5082-1(B)]*

Counsel requests that the fees and expenses sought herein be allowed and paid.

### VI. CERTIFICATION

GCT certifies that it has hereby served a copy of the chronological itemization of services rendered to the Debtor. To date, GCT has not received an objection to the fees.

### VII. THE VALUE OF THE SERVICES FOR WHICH COMPENSATION IS SOUGHT AND PRESERVATION OF THE RETAINER

Section 330(a) of the Bankruptcy Code provides:

> (a)    After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the debtor's attorney:

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a cases under this title; and

(2) reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed. *In re Spanjer Brothers, Inc.,* 203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987). The burden of proof is on the applicant to show that the fees incurred were actual and necessary. *In re Spanjer Brothers, Inc.,* 203 B.R. 85, 89 (Bkrtcy. N.D.Ill., 1996); *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Pettibone Corporation,* 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).

The representation of the Debtor adequately corresponds with the time and labor expended by GCT. The various issues involved required experienced bankruptcy counsel. GCT attorneys have over one hundred (100) years combined experience in the area of bankruptcy law. Less experienced attorneys would not have handled the matters herein as efficiently and as effectively. Due to the substantial time expended on behalf of the Debtor, GCT was precluded from accepting cases requiring extensive representation during the initial phase of these cases. GCT was able to accomplish a great deal directed towards aiding the Debtor its reorganization efforts. Considering the results obtained by GCT the amounts involved are fair and reasonable. This Court has reviewed and ruled upon numerous fee applications and is in a position to determine that the rates herein are reasonable.

## VIII. OBJECTIONS

Any objections to this fee application should be submitted in writing filed with this Court and delivered to counsel for the Debtor (address below) on or before January 16, 2017.

## IX. CONCLUSION

WHEREFORE, GOLAN CHRISTIE TAGLIA LLP requests that this Court enter an Order:

A.  Determining that the legal services and fees incurred in this and prior fee petitions were necessary and reasonable;

B.  Allowing final compensation as counsel for the Debtor in the amount of $9,584.50 for fees incurred October 11, 2016 to December 22, 2016 plus the costs of preparing this fee petition in the amount of $505.00 for a total of $10,089.50.

C.  Granting such other and further relief as this Court may deem just and proper.

                GOLAN CHRISTIE TAGLIA LLP

                By: /s/ *Robert R. Benjamin*
                      Robert R. Benjamin

Robert R. Benjamin (ARDC # 0170429)
Beverly A. Berneman (ARDC # 06189418)
Anthony J. D'Agostino (ARDC # 6299589)
Matthew P. Bachochin (ARDC # 6292153)
GOLAN CHRISTIE TAGLIA LLP
Attorneys for Debtor
70 West Madison, Suite 1500
Chicago, IL 60602
(312)263-2300

11